

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3677 | **DATE** | 5/31/2002 |
| **CASE TITLE** | Peggy Brown vs. John E. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Nothing more need to be added to confirm the legal frivolousness of Brown's present action. Both it and the complaint are therefore dismissed with prejudice, with the Application being denied and the Motion also being denied ( in the latter respect, on mootness grounds).(4-1, 5-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 6 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/31/2002 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEGGY J. BROWN,  )
                 )
     Plaintiff,  )
                 )
     v.          )   No. 02 C 3677
                 )
JOHN E. POTTER, Postmaster General )
United States Postal Service,      )
                 )
     Defendant.  )

MEMORANDUM OPINION AND ORDER

Peggy Brown ("Brown") has tendered a self-prepared Complaint of Employment Discrimination against Postmaster General John Potter, using the form provided by this District Court's Clerk's Office for that purpose. Brown has also accompanied her Complaint with an Application To Proceed Without Prepayment of Fees ("Application") and a Motion for Appointment of Counsel ("Motion"), again using Clerk-supplied forms. But because of the patent deficiency in Brown's substantive claim, this sua sponte memorandum opinion and order disposes of her action at its inception.

For any litigant to obtain in forma pauperis status, he or she must not only make an adequate showing of indigency but must also advance at least one non-frivolous claim (in the sense defined by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and further refined in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992))--in that respect, see Neitzke, 490 U.S. at 324. Here the Application reveals that Brown is employed at a modest wage, with



less than $100 in her checking account. But it is unnecessary to decide whether her situation qualifies in terms of the first requirement of financial inadequacy, for the Complaint reflects a fatal defect at the second--and substantive--hurdle.[1]

Brown's claim stems from her alleged mistreatment in connection with her federal employment, which ended with her termination back in August 1998. Brown had sustained an injury at work (causing a back strain) five years earlier, on August 25, 1993, resulting in an award of partial disability workers compensation benefits. Although some time later she claimed a recurrence of the injury, that was initially rejected (after internal review) by an August 2, 1994 ruling that closed her workers compensation file. But then a further review on September 1, 1994 authorized her to get an MRI of the lumbosacral spine, to see whether she continued to sustain the partial disability relating to the 1993 work injury.

No Complaint exhibits cover the next three years, although the later exhibits certainly suggest that Brown had been successful in getting back on the benefit rolls. Then on October 2, 1997 she was sent a letter (attached Ex. 1) notifying her of her termination effective October 10, 1997. Brown then filed a claim for compensation benefits that resulted in a

---

[1] Everything said in this opinion about Brown's claim is drawn from the exhibits that she has attached to the Complaint.

2

hearing (see attached Ex. 2) and a final August 3, 1998 disallowance (see attached Ex. 3).

What Brown seeks to make the subject of her current lawsuit is a much later decision of the United States Equal Employment Opportunity Commission ("EEOC") (see attached Ex. 4) rejecting her claim that she had been discriminated against in no fewer than four respects--by reason of her race (which was not identified in her claim), her sex, her age (she was then 49 years old) and her claimed disability (stemming from her back condition)--by her first being informed on August 7, 2001 that her workers compensation case had been closed back in August 1994.[2]

It is more than understandable that EEOC found Brown's position wholly groundless. As its decision (citations omitted) stated:

> The Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. The proper forum for complainant to have raised her challenge to actions that occurred during the processing of her OWCP claim was with the Department of Labor. It is inappropriate to now attempt to use the EEO process to collaterally attack actions which occurred during the processing of

---

[2] When phrased in that fashion, Brown's claim is difficult to understand. As has earlier been indicated in the text of this opinion, the initial notification as to the closing of her workers compensation claim back in August 1994 was superseded by a further review that apparently restored her to the compensation rolls, so that no damages (to say nothing of any arguable discrimination of any type) would seem to have been implicated by her being provided in 2001 with any incorrect information in that respect. But this opinion need not pause to probe further on that subject.

3

her workers' compensation claim. Since complainant's
complaint is a collateral attack on another forum's
proceeding, complainant fails to state a claim.
Therefore, the agency's decision to dismiss
complainant's complaint is AFFIRMED.

Nothing more need be added to confirm the legal frivolousness of Brown's present action. Both it and the Complaint are therefore dismissed with prejudice, with the Application being denied and the Motion also being denied (in the latter respect, on mootness grounds).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 31, 2002

Post Office Operations
Chicago District


**UNITED STATES POSTAL SERVICE™**

October 2, 1997

LETTER OF DECISION - SEPARATION/DISABILITY

Peggy J. Brown                              SSN: 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
225 Arcadia Street                          P/L:  027
Park Forest, IL 60466-1435

You were issued a Notice of Proposed Separation dated July 30, 1997 for failure to meet the requirements of your position.

It is noted that you did not provide any mitigating information regarding your medical condition. I have reviewed all the evidence of record and find that your restrictions are permanent. It appears that you will never be able to perform the duties of your City Carrier position. Therefore, I find that the evidence supports the charge as stated in the notice issued to you on July 30, 1997.

You have failed to follow through on your available options to apply for disability retirement or request and successfully receive a reassignment to a position that you can perform the duties, therefore, I have no choice but to remove you.

The Postal Service cannot continue to keep you in your City Carrier position since you are unable to fulfill the duties of the position. Your inability to perform your duties has resulted in the Postal Service paying overtime for someone else to perform those duties. The Postal Service cannot operate effectively and efficiently if employees are unable to meet the requirements of their positions. **Therefore, you will be removed from the Postal Service effective close of business on October 10, 1997.**

433 W. Harrison Street
Chicago, IL 60607-9992
312/983-8105
Fax: 312/983-8107

(13)

Peggy J. Brown

V.

John E. Porter
Postmaster General
United States Postal Services

On August 7, 2001, I called the Office of Workers Compensation to inquire about some medical documents to assist me in my request for disability retirement while reviewing the papers from OWCP I discovered that I had been discriminated against by the postal service. I was told that my OWCP case had been closed Aug. 2, 1994. This information was incorrect and was never disclosed to me until I received the papers from the OWCP in Aug. 2001. I have been a victim of discrimination base on my disability the injury compensation office knew all along that my case was still open. My injury occurred on Aug. 25, 1993 & I was given a decision of termination on ~~Aug~~ Aug. 1998. I was issued a letter of decision on Oct. 2, 1997 to separate me base on my disability and was put off the clock on Oct. 10, 1997 while still under the OWCP. My case was accepted Aug. 2, 1994 and the order of March. 3, 1994 was vacated.

I would like to be compensated for all time loss and to be made whole. I would like to be reasonable accommodate with a position within my medical restrictions.

EX. 2

I would like to be paid $150,000.00 in compensatory damages for the intensional infliction of emotional stress.

Peggy J. Brown
759 Burr Oak Ln, Apt 5L
University Park, Ill. 60466
708-534-6237

U.S. DEPARTMENT OF LABOR

EMPLOYMENT STANDARDS ADMINISTRATION
OFFICE OF WORKERS' COMPENSATION PROGRAMS
230 S DEARBORN 8TH FLOOR
CHICAGO IL 60604
Phone: (312) 353-8593

August 3, 1998

File Number: 100427373
Date of Injury: 08/25/1993
Employee: Peggy Brown

Peggy Brown
225 Arcadia
Park Forest, IL 60466

FILE COPY

Dear Ms. Brown:

Your claim for compensation benefits has been disallowed for the reason stated in the enclosed copy of the Notice of Decision. The decision was based on all evidence of record and on the assumption that all available evidence has been submitted. If you disagree with the decision, you may follow any one of the courses of action outlined on the attached appeal rights.

Further medical treatment at OWCP expense is not authorized and prior authorization, if any, is hereby terminated.

Sincerely,

Yvonne Reina
Senior Claims Examiner

Enclosures: Notice of Decision with Appeal Rights
Notice of Proposed Termination dated June 16, 1998

US POSTAL SERVICE
CHICAGO POST OFFICE
INJURY COMP SPECIALIST
433 W VAN BUREN
CHICAGO, IL 60607

EX 3



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Peggy J. Brown,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A20820

Agency No. 4-J-606-0282-01

DECISION

Complainant filed a timely appeal with this Commission from an agency's decision dated Octo[ber] 23, 2001, dismissing her complaint of unlawful employment discrimination. The Commiss[ion] finds that the agency misdefined the issues raised by complainant; nevertheless, complainan[t's] complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1), although for a differ[ent] reason than that advanced by the agency.

The agency, in its decision, defined complainant's complaint as a claiming that she w[as] discriminated against "when, on August 27, 2001, you learned that your OWCP case had not be[en] closed on August 2, 1994 when you were issued a Letter of Decision - Separation/Disability da[ted] October 2, 1997." In its decision, the agency found that complainant raised the same claim t[hat] is pending or has been decided by the agency or Commission in Agency Number 4-J-606-0265-9[9] where complainant claimed that she was discriminated against when she received a Letter [of] Decision - Separation/Disability.

The Commission recognizes that complainant claims that she was discriminated against on [the] bases of race (unspecified), sex (female), age (D.O.B. August 21, 1952), and disability (ba[ck] condition), when, on August 7, 2001, complainant learned that her workers' compensati[on] (OWCP) case had been closed on August 2, 1994. Complainant claims that his information w[as] incorrect, as complainant's case was accepted on August 2, 1994, and the order of March 3, 19[  ] was vacated.

The Commission finds that complainant's claim in the instant case differs from the claim rais[ed] in Agency Number 4-J-606-0265-99; nevertheless, the Commission also finds that complaina[nt] fails to state a claim, pursuant to 29 C.F.R. § 1614.107(a)(1).

The Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceeding. *See Wills v. Department of Defense*, EEOC Request No. 05970596 (July 30, 1998); *Kleinman v. U.S. Postal Service*, EEOC Request No. 05940585 (September 22, 1994); *Lingad v. U.S. Postal Service*, EEOC Request No. 05930106 (June 24, 1993). The proper forum for complainant to have raised her challenge to actions that occurred during the processing of her OWCP claim was with the Department of Labor. It is inappropriate to now attempt to use the EEO process to collaterally attack actions which occurred during the processing of her workers' compensation claim. Since complainant's complaint is a collateral attack on another forum's proceeding, complainant fails to state a claim. Therefore, the agency's decision to dismiss complainant's complaint is **AFFIRMED**.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 5 2002
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

FEB 2 5 2002
_____
Date

*RBahy* (signature)
_____
Equal Opportunity Assistant